UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MACHADO, | No. 2:18-cv-2943-EFB P |
| Plaintiff, | |
| v. | ORDER |
| A. BUSTAMANTE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion requesting that the court issue an order requiring defendants to provide him with meaningful access to the facility law library. ECF No. 28. He states that defendants "are manipulating the COVID-19 crisis, utilizing the crisis as a pretext for complete denial of all access to the facility law library." *Id.* at 2. Plaintiff's motion makes no mention of available alternatives to physical presence in the law library, such as the paging system. As discussed below, plaintiff's motion for an order directing prison officials to give him physical access to the law library is denied without prejudice to its renewal at a later date should the paging system (or other available alternatives) prove insufficient to provide plaintiff the materials he needs to comply with any deadline in this case.

The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is meant to aid the court in the exercise and preservation of its

1

1    jurisdiction.  *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).  The
2    United States Supreme Court has authorized the use of the All Writs Act in appropriate
3    circumstances against persons who, "though not parties to the original action or engaged in
4    wrongdoing, are in a position to frustrate the implementation of a court order or the proper
5    administration of justice."  *United States v. New York Telephone Co*., 434 U.S. 159, 174 (1977).
6    To obtain an order under the All Writs Act, the requested order must be "necessary."  This
7    language requires that the relief requested is not available through some alternative means.
8    *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999).

9         The court is sympathetic to plaintiff's preference for physical access to the library, but
10   reluctant to interfere with the institution's attempt to mitigate the spread of the novel coronavirus
11   absent a showing that plaintiff cannot meet a court-imposed deadline under the current system.  If
12   plaintiff finds that he cannot comply with a deadline, he may again file a motion seeking a court
13   order to obtain greater library access.  In any such motion, plaintiff should include the efforts he
14   has made to complete his law work under the paging system (or any available alternatives to
15   physical presence in the law library) and the efforts he has made to obtain physical access to the
16   library through the institution.

17        Accordingly, plaintiff's motion for an order granting library access (ECF No. 28) is
18   DENIED.

19   DATED:  August 31, 2020.

20        EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

2